IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

JONATHAN POOL,
on his own behalf and
on behalf of all others similarly situated,

Plaintiff,

v.

GREAT WESTERN BANK,

Defendant.

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

Plaintiff Jonathan Pool, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against Defendant Great Western Bank. Plaintiff asserts his claims on behalf of himself and of all others similarly situated.

**STATEMENT OF THE CASE**

1. Defendant employed Plaintiff Jonathan Pool to work as a bank teller. Plaintiff worked in Defendant bank's branches located at 3650 E 1st Ave. Denver, CO 80206 and 1543 Wazee St, Denver, CO 80202.

2. This action concerns work performed between September 28, 2015 and the present.

3. Defendant failed to pay the Plaintiff and others similarly situated ("others") all required minimum and overtime wages for hours worked.

4. Defendant failed to grant the Plaintiff and others mandatory, compensated rest

1

periods.

5.      Defendant violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, (and predecessor Wage Orders), the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.* and the Colorado Wage Claim Act (the "CWCA"), C.R.S. § 8-4-101 *et. seq.* as implemented by the COMPS Order (and predecessorWage Orders).

6.      Defendant violated the FLSA because that Act requires employers to pay their employees not less than one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek.

7.      Defendant violated the COMPS Order because it requires employers to pay their employees not less than the applicable minimum wage for all hours worked. Defendant also violated the COMPS Order because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek or beyond twelve in a given work day.  Defendant also violated the COMPS Order (and predecessor Wage Orders) because they failed to authorize and permit compensated ten minute rest periods for each four hours worked.

8.      Defendant violated the Colorado Minimum Wage Act, as implemented by the COMPS Order (and predecessor Wage Orders), because it requires employers to pay their employees not less than the applicable minimum wage for all hours worked. Defendant also violated the MWA because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek or beyond twelve in a given work day. Defendant also violated the MWA because it failed to authorize and permit compensated ten minute rest periods for each four hours worked.

9. Defendant violated the CWCA, as implemented by the COMPS Order, because that Act requires employers to pay their former employees all wages or compensation earned, vested, determinable and unpaid at the time of their separation from employment. Such earned, vested and determinable wages and compensation includes all minimum, overtime and rest break compensation wages due under federal and/or state law.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff Jonathan Pool was employed by Defendant as a bank teller from approximately April 1, 2021 through approximately August 14, 2021. During that time, he performed work at the Defendant bank's branches located at 650 E 1st Ave. Denver, CO 80206 and 1543 Wazee St, Denver, CO 80202. Plaintiff Pool's signed FLSA Consent Form is attached as Exhibit 1 to this Complaint.

11. Defendant Great Western Bank ("Great Western" or "Company") is a South Dakota Corporation with a principal business address of 225 S. Main Ave., Sioux Falls, SD 57104.

12. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

13. Plaintiff requests that this Court exercise its supplemental jurisdiction over his claims under the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et seq, and under the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant regularly conducts business in the District of Colorado, is subject to personal jurisdiction in this District, and is therefore deemed to reside in this District. 28 U.S.C. § 1391(c)(2).

15. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because events and omissions giving rise to Plaintiff's claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

16. The Defendant bank employed the Plaintiff and others similarly situated ("others") in branches located in Colorado, Arizona, Iowa, Kansas, Minnesota, Missouri, Nebraska, North Dakota and South Dakota.

17. Defendant employed persons, including the Plaintiff and many others within the State of Colorado.

18. Defendant operates fourteen branch banks located in the State of Colorado.

19. Plaintiff and others performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiff and others were to perform.

20. Defendant operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

21. Defendant employed the Plaintiff and others in interstate commerce.

22. At all times relevant to this action, Defendant operated one or more branch banks located in the State of Colorado.

23. Defendant scheduled, directed and controlled the work of Plaintiff and others.

24. Defendant paid the Plaintiff and others on an hourly basis.

25. The Plaintiff and others regularly worked more than 40 hours per week for Defendant.

26. Defendant failed to pay the Plaintiff and others for all hours worked at required minimum and overtime wage rates. This occurred for several reasons set forth below.

4

**Off-The-Clock Work**

27. Defendant instructed and trained the workers employed at its branch banks ("branch bank personnel") to begin their work day by performing specified opening procedures.

28. Defendant instructed and trained its branch bank personnel to perform building security checks before clocking in to begin recording their time for compensation.

29. Defendant instructed and trained its branch bank personnel to display confidential security signals before clocking in to begin recording their time for compensation.

30. Defendant instructed and trained its branch bank personnel to disarm alarms before clocking in to begin recording their time for compensation.

31. Defendant instructed and trained its branch bank personnel to start up dormant computers before clocking in to begin recording their time for compensation.

32. Defendant instructed and trained its branch bank personnel to log in to timekeeping software before clocking in to begin recording their time for compensation.

33. Following completion of the tasks described in ¶¶28-32 above ("opening tasks"), Defendant's branch bank personnel would activate a punch clock logging their time for compensation. That punch clock recorded their time.

34. At times, exempt, salaried managers, rather than non-exempt workers, performed the tasks described in ¶¶28-32 above. When no such exempt manager was present to open the branch, the opening tasks described in ¶¶28-32 above were performed by the Plaintiff and other similarly situated non-exempt employees.

35. For example, Plaintiff performed the opening tasks described in ¶¶28-32 above

on July 23, 2021.

36. Information Defendant retains can readily identify the employee who disabled a given branch's alarm system on a given morning.

37. Plaintiff performed these opening tasks before he was permitted to clock in to begin recording his time for compensation.

38. At times, Plaintiff performed these opening tasks during an overtime week when he performed over forty (40) hours of work for Defendant.

39. Upon information and belief, other non-exempt branch bank personnel similarly situated to the Plaintiff performed these opening tasks before they were permitted to clock in to begin recording their time for compensation.

40. Upon information and belief, other non-exempt branch bank personnel similarly situated to the Plaintiff sometimes performed these opening tasks during an overtime week when they performed over forty (40) hours of work for Defendant.

41. Plaintiff and others similarly situated were not paid for time spent performing the opening tasks described in ¶¶28-32 above.

## Mandatory Compensated Rest Breaks

42. Plaintiff and others routinely worked shifts in excess of 4 hours for Defendant.

43. Defendant regularly failed to provide the Plaintiff and others required, compensated rest breaks of ten minutes for each four hours of work.

44. Defendant did not supplement the pay given the Plaintiff and others for denial of required, compensated rest breaks.

45. When the Plaintiff and others were required to work through their ten-minute rest periods, their shifts were effectively extended by 10 minutes for each four hours of duration.

Defendant's failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiff and others similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff Jonathan Pool brings his Count I claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated current and former employees. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

> All hourly workers employed by Great Western Bank at a branch bank location at any time between September 28, 2018 and the present, and who deactivated an alarm at the start of any work day between September 28, 2018 and the present

47. The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

48. All potential 216(b) Class Members are similarly situated because they worked for Defendant subject to common policies and practices which denied workers required overtime wages.

49. The Plaintiff and those similarly situated have, at one or more times, worked overtime hours in excess of forty (40) in a workweek for Defendant as non-exempt workers. Under § 207 of the FLSA, all overtime hours are payable at a rate of not less than one-and- one-half times the regular hourly rate. Defendant failed to pay Plaintiff and others all required overtime wages due. Plaintiff's FLSA complaint concerns uniform policies concerning the recording and compensation of time spent performing particular tasks hourly branch employees performed at the beginning of their work day. *See, Supra* ¶¶ 28-32. Upon information and belief, all members of the putative collective action were subject

to those policies. Upon information and belief, Defendant's unlawful pay practices have been maintained and applied for at least the last three years.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings his Count II claims pursuant to the COMPS Order, 7 CRR 1103-1and predecessor Wage Orders and his Count III claims pursuant to the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et. seq. on behalf of a putative class preliminarily defined as:

> All non-exempt workers employed by Great Western Bank at a branch bank location in Colorado at any time between September 28, 2015 and the present.

51. Plaintiff brings his Count IV claims pursuant to the Colorado Wage Claim Act, C.R.S. §8-4-109 on behalf of a putative class preliminarily defined as:

> All non-exempt workers formerly employed by Great Western Bank at a branch bank location in Colorado and who worked their last day for Great Western Bank between September 28, 2018 and the present.

52. Plaintiff and the classes he alleges meet the applicable requirements of Fed. R. Civ. P. 23(a): the members of the class are too numerous to practicably join, claims of individual class members originate from common questions of law and fact, named Plaintiff poses claims typical and representative of the claims of the class, and he will fairly and adequately represent the class' interests.

53. Because common questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3). Plaintiff is not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members to individually control the prosecution of this action, and there are no likely

difficulties in managing a class action.

54.  While the exact numbers of the members of the alleged classes are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are over 100 individuals in each of the alleged classes.

55.  Common questions of law and fact exist as to the alleged classes that predominate over any questions affecting only the class members individually.  These common questions include, but are not limited to the following:

   a. Whether Defendant failed to compensate branch bank personnel for performing the opening tasks described in ¶¶28-32;

   b. Whether Defendant failed to pay overtime compensation for all hours worked in excess of 40 in a week;

   c. Whether Defendant failed to pay overtime compensation for all hours worked over 12 in a day;

   d. Whether Defendant failed to provide mandatory, duty-free, compensated rest breaks;

   e. Whether Defendant failed to compensate class members for any required rest breaks they were denied;

   f. Whether Defendant's violations of the COMPS Order and predecessor Wage Orders constituted violations of the Colorado Minimum Wage Act; and

   g. Whether Defendant's violations of the COMPS Order and predecessor Wage Orders constituted violations of the Colorado Wage Claim Act.

**COUNT I – Failure to Pay All Weekly Overtime Wages**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

56.  Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-41, and 46-49 above as if fully set forth herein.

57. Plaintiff asserts this Count on his own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

58. Plaintiff preliminarily defines this "216(b) Class" as follows:

> All hourly workers employed by Great Western Bank at a branch bank location at any time between September 28, 2018 and the present, and who deactivated an alarm at the start of any work day between September 28, 2018 and the present

59. Named Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

60. Defendant "employed" the Named Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

61. Defendant was Named Plaintiff' and others' "employer" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

62. Defendant employed the Named Plaintiff and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

63. Defendant violated the FLSA when it failed to pay the Named Plaintiff and others similarly situated overtime premiums for all hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

64. Defendant' violations of the FLSA were willful. 29 U.S.C. § 255(a).

65. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

66. Plaintiff and others are entitled to recover unpaid overtime wages, liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).

**COUNT II – <u>Violation of Colorado Overtime and Minimum Pay Standards (COMPS) Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1</u>**

67. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-45 and 50-55 above as if fully set forth herein.

68. Named Plaintiff asserts this Count on behalf of himself and a putative class preliminarily defined as:

> All non-exempt workers employed by Great Western Bank at a branch bank location in Colorado at any time between September 28, 2015 and the present.

69. This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between September 28, 2015 and the present.

70. Defendant was Plaintiff's and other members of the putative class' described in ¶67 ("others") "employer" as that term is defined by the COMPS Order because it suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them.  7 C.C.R. 1103-1¶ 1.6(A).

71. Plaintiff and others were Defendant's "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

72. Defendant employed the Plaintiff and others in a bank, credit union or savings and loan.

73. Defendant employed the Plaintiff and others in an industry regulated by Wage Orders # 29 through 35.  7 C.C.R. 1103-1 ¶ 2(A).

74. Defendant employed the Plaintiff and others in an industry regulated by COMPS Orders 36 and 37. 7 C.C.R. 1103-1.

75. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiff and others the applicable minimum wage for all time worked.  7 CCR 1103-1 ¶¶1.9, 3.1.

76. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiff and others overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).

77. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiff and others overtime premiums for hours worked over twelve in each given work day.  7 CCR 1103-1¶ 4.1.1(B).

78. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to authorize and permit the Plaintiff and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

79. As a result, the Plaintiff and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

80. Plaintiff and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

**COUNT III – <u>Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*</u>**

81. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-45, 50-55 and 67-80 above as if fully set forth herein.

82. The named Plaintiff asserts this claim on behalf of himself and a putative

class preliminarily defined as:

> All non-exempt workers employed by Great Western Bank at a branch bank location in Colorado at any time between September 28, 2015 and the present.

83. This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between September 28, 2015 and the present.

84. When Defendant failed to make payments in compliance with the COMPS Order and predecessor Colorado MinimumWage Orders, 7 CCR 1103-1, they failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes.  C.R.S. § 8-6-116(1).

85. Defendant' failure to make payments required by the COMPS Order and predecessor Colorado MinimumWage Orders violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

86. As a result of Defendant' violations of law, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

87. Plaintiff and others are entitled to recover in this civil action the unpaid balance of the full amount of minimum wages owed, together with reasonable attorney fees and court costs.  C.R.S. § 8-6-118.

## COUNT IV – Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

88. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-45, 50-55 and 67-80 above as if fully set forth herein.

89. Plaintiff asserts this Count on his own behalf and on behalf of a putative class preliminarily defined as:

> All non-exempt workers formerly employed by Great Western Bank at a branch bank location in Colorado and who worked their last day for Great Western Bank between September 28, 2018 and the present.

90. Plaintiff and other members of the putative class described in ¶89 above ("others") are former employees of Defendant.

91. This Count seeks the recovery of unpaid minimum and overtime wages and penalties arising from work performed between September 28, 2018 and the present.

92. Defendant was Plaintiff's and others' "employer" as that term is defined by the CWCA, because Defendant suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them. C.R.S. § 8-4-101(6).

93. Plaintiff and others were Defendant's "employees" as that term is defined by the CWCA, because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff and others, who performed the primary work of the Defendant employer. C.R.S. § 8-4-101(5).

94. The applicable annual COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff the applicable minimum wage for all time worked. 7 CCR 1103-1 ¶¶1.9, 3.1. Defendant failed to make these payments.

95. The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1 ¶ 4.1.1(A). Defendant failed to make these payments.

96. The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff overtime premiums for hours worked over twelve in each given work day. 7 CCR 1103-1 ¶ 4.1.1(B). Defendant failed to make these payments.

97.     The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendant to authorize and permit the Plaintiff to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.  Defendant failed to permit or compensate such break time.

98.     Defendant failed to compensate the Plaintiff and others for the earned, vested and determinable wages or compensation recited above at the time of their separation from employment. C.R.S. § 8-4-109.

99.     As a result, the Plaintiff have suffered lost wages and lost use of those wages in an amount to be determined at trial.

100.    Plaintiff and others are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that:

As to his Count I claim brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

a. This Count be certified to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b. Plaintiff and others similarly situated be awarded unpaid overtime wages;

c. Plaintiff and others similarly situated be awarded liquidated damages as required by law;

d. Plaintiff and others similarly situated be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e. Plaintiff and others similarly situated be awarded such other and further relief as may be necessary and appropriate.

As to his Count II Claim brought under the Colorado Overtime and Minimum Pay

Standards Order and predecessor Colorado Minimum Wage Orders,

    a. This Count be certified to proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

    b. Plaintiff and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due. 7 CCR 1103-1 ¶8.1(A).

    c. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count III Claim brought under the Colorado Minimum Wage Act,

    a. This Count be certified to proceed as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

    b. Plaintiff and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due. C.R.S. § 8-6-118.

    c. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

As to his Count IV Claim brought under the Colorado Wage Claim Act, Plaintiff respectfully requests an Order from the Court that:

    a. Plaintiff and others be awarded the unpaid balance of the full amount of wages or compensation owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    b. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

                  Respectfully Submitted,

                    */s/ Andrew H. Turner*
                    Andrew H. Turner
                    MILSTEIN TURNER, PLLC
                    2400 Broadway – Suite B
                    Boulder, CO. 80304
                    303-305-8230
                    andrew@milsteinturner.com

                    *Counsel for Plaintiff*