DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:21-cv-02626-MEH

JONATHAN POOL, on his own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

GREAT WESTERN BANK,

      Defendant.

---

**JOINT STIPULATION OF SETTLEMENT AND RELEASE**

---

WHEREAS on September 28, 2021, Plaintiff Jonathan Pool ("Plaintiff" or "Named Plaintiff") filed the above pending captioned civil action in the United States District Court for the District of Colorado against Great Western Bank, on behalf of himself and other similarly-situated current and former employees of Defendant (the "Lawsuit");

WHEREAS First Interstate Bank purchased and merged with Great Western Bank on February 1, 2022.  First Interstate Bank, as successor by merger to Great Western Bank, is referred to herein as "Defendant" or "Great Western."

WHEREAS, in the Complaint, the Named Plaintiff asserts, on behalf of himself and a proposed class of employees and former employees, violations of the Fair Labor Standards Act ("FLSA"), the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, (and predecessor Wage Orders), the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.* and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et.*

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

*seq.*, and seeks straight time and overtime wages for Defendant's alleged failure to pay for pre-shift work and rest breaks allegedly due;

WHEREAS, Defendant denies all allegations and assert that all employees were properly paid at all times;

WHEREAS, the Parties conducted a settlement conference in Denver, Colorado, on June 29, 2022 before the Honorable Magistrate Judge Michael E. Hegarty;

WHEREAS, it is the desire of all Parties, as defined below, to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that could have been brought in the Lawsuit;

**NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:**

**DEFINITIONS**.  The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1.  **Rule 23 Class**. Rule 23 Class, or Settlement Class shall mean all non-exempt employees employed by Great Western who worked at a Great Western Branch Location in Colorado at any time between September 28, 2015 and the date this agreement is signed. If there is any dispute regarding the class membership of any employee, the individual employment and payroll records maintained by Defendant as to that employee will be presumed accurate absent clear and convincing evidence to the contrary. As explained below, the Parties will seek Rule 23 certification of the Settlement Class for settlement purposes only.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

1.2. **Rule 23 Class Members**. Rule 23 Class Members means all those included within the definition of the Rule 23 Class who do not timely exclude themselves from this Settlement Agreement as set forth in paragraph 13 *infra.*

1.3. **Rule 23 Class Period**. Rule 23 Class Period is defined as the period from September 28, 2015 to the date this agreement is signed.

1.4. **Excluded Class Member**. Excluded Class Member means a Class Member who timely follows the procedure specified in paragraph 13 *infra* and in the Class Notice approved by the Court to validly "opt out" of the Settlement.

1.5. **Participating Class Member.** Participating Class Member means a Rule 23 Class Member who timely cashes his/her first-round distribution settlement check.

1.6. **Non-Participating Class Member.** A Non-Participating Class Member means a Rule 23 Class Member who did not timely opt-out of the Settlement but who fails to timely cash his/her first-round distribution settlement check.

1.7. **FLSA Collective Action Members**. FLSA Collective Action Members means all non-exempt employees who worked at any Great Western Branch Location in the United States between September 28, 2018 and the date this agreement is signed, who timely file a FLSA Opt-in Form indicating their intention to opt-in to this action.

1.8. **FLSA Claims**. FLSA Claims shall refer to all wage and hour claims arising under the FLSA, including, without limitation, claims for unpaid overtime, minimum wage violations, and liquidated damages.

1.9. **FLSA Opt-in Form**. FLSA Opt-in Form shall refer to the claim form that a FLSA Collective Action Class Member must sign and return to the Settlement Administrator to receive the portion of compensation attributed to the FLSA portion of this settlement described in paragraph 1.20. *infra.* The Parties' proposed FLSA Opt-in Form is attached hereto as Exhibit A.

1.10. **Class Notice**. Class Notice means the Court-approved Class Notice of Proposed Settlement of the Lawsuit, Conditional Certification of the Settlement Class and FLSA Collective Action Members, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, attached to this Agreement as Exhibit B.

1.11. **Class Counsel**. Andrew H. Turner of Milstein Turner, PLLC.

1.12. **Class Member**. Class Member shall refer collectively to the Rule 23 Class Members and the FLSA Collective Action Members.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

1.13. **Defendant's Counsel.** Jessica S. Reed-Baum and Ryan P. Lessmann of Jackson Lewis P.C.

1.14. **The Parties.** The Parties means the Settlement Class (including the Named Plaintiff), the FLSA Collective Action Members, and Defendant, collectively.

1.15. **Fairness Hearing**. Fairness Hearing means the hearing before the Court relating to the Motion for Final Approval.

1.16. **Final Approval**. Final Approval means that the Settlement Agreement has been finally approved by the Court and either: (1) upon timely appeals, the United States Court of Appeals for the Tenth Circuit has declined to consider, affirmed, or otherwise approved the Court's Final Approval and the applicable date for seeking further appellate review has passed; or (2) the applicable date for seeking appellate review of the Court's Final Approval of the Settlement has passed without timely appeal or request for review having been made and cannot be extended.

1.17. **Final Approval Order**. Final Approval Order means the Order entered by the Court after the Fairness Hearing that approves the material terms and conditions of this Agreement and the distribution of the Settlement Checks and Enhancement Award, and that dismisses the Lawsuit, with prejudice.

1.18. **Settlement Fund.** Settlement Fund means the full $575,000.00 settlement amount to be paid by Defendant pursuant to this Settlement Agreement in satisfaction of all Rule 23 Claims and all FLSA claims.

1.19. **Net Settlement Fund**. The Net Settlement Fund means the full $575,000.00 settlement amount to be paid by Defendant pursuant to this Settlement Agreement less deductions for: (1) Court-approved attorneys' fees and costs for Class Counsel; and (2) Court-approved Enhancement Awards to Named Plaintiff.

1.20. **FLSA Opt-In Period.** The FLSA Opt-In Period will run for thirty (30) days from the date the Settlement Administrator mails the FLSA Notice (Ex A) to the potential FLSA Collective Action Members.

1.21. **Opt-out Period**. The Opt-out Period will be a date sixty (60) days from the mailing of the Class Notice to the Class Members.

1.22. **State Claims or Rule 23 Claims**. State Claims or Rule 23 Claims shall refer to all wage and hour claims, including, without limitation, claims for unpaid overtime and minimum wage violations, arising under the laws of the State of Colorado.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

1.23.    **Rule 23 Compensation.** Rule 23 Compensation means amounts paid in satisfaction of State Claims for allegedly unpaid minimum or overtime wages and/or penalties.

1.24.    **Liquidated Damages Compensation.** Liquidated Damages Compensation means liquidated damages available only to those Class Members who file a FLSA Opt-in Form, becoming FLSA Collective Action Members and releasing their FLSA claims.

1.25.    **Great Western Branch Location.** Great Western Branch Location means every Great Western branch and every Great Western branch that became a First Interstate Bank branch after Great Western merged with First Interstate Bank on February 1, 2022.

1.   This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the Named Plaintiff, individually and on behalf of himself, the Settlement Class, FLSA Collective Action Members, and Defendant and sets forth the terms and conditions of the settlement of the Lawsuit (the "Settlement"). This Settlement Agreement is subject to the approval of the Court.

**NO ADMISSION**

2.   Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, willfulness, lack of good faith, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or its employees and agents, who

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

1. In addition, and also without limiting the generality of the foregoing, nothing about this Settlement Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Lawsuit or any other action for adversarial, rather than settlement purposes. While Defendant has agreed that class certification is appropriate for settlement purposes, this stipulation is for purposes of this Settlement Agreement only and Defendant maintains that class certification would be inappropriate if the Parties were to continue litigating the Lawsuit. If the Settlement Agreement is not finally approved by the Court, Defendant's stipulation to certification of the above class for settlement purposes only shall be null and void and may not be used or relied upon by the Named Plaintiff, Class Counsel, or any Class Member for any purposes. If a combined total of more than twenty percent (20%) of the Class Members request to be excluded from the Settlement Class, then Defendant shall have the option (at its sole discretion) to void this Settlement Agreement. Defendant may exercise that option only by providing written notice to Class Counsel and the Court prior to the Court's final approval of the Settlement. Upon such notice, this Settlement Agreement shall be void and of no force and effect.

## INVESTIGATION AND APPROVAL BY CLASS COUNSEL AND DEFENSE COUNSEL

3. Class Counsel and Defendant's Counsel, respectively, have conducted extensive investigation into the facts relating to the claims alleged, and have made a thorough

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

study of the legal principles applicable to the claims asserted against Defendant. Class Counsel have conducted a thorough investigation into the facts relevant to the various claims, including an extensive review of voluminous documents and data produced to the Named Plaintiff, and has diligently pursued investigation and prosecution of Class Members' claims against Defendant. Class Counsel expressly acknowledges that there are differences and disputes, stated and unstated, between the Parties as to various discovery matters. Class Counsel has exercised independent judgment and have determined that this Settlement Agreement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of his investigation, uncertainty as to the facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by Defendant. Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Named Plaintiff and Class Members. Defendant and Defendant's Counsel also agree that this Settlement Agreement is reasonable and fair.

4. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement Agreement and to dismiss the Lawsuit with prejudice upon complete performance of the terms and conditions of the Settlement Agreement.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

**SETTLEMENT FUND AMOUNTS, PROVISONS AND ALLOCATIONS**

5. **Revision of Timekeeping System:** Defendant commits to use its best efforts to create a system for employees to report missed rest periods during the course of the shift reported.

6. **Settlement Fund.** Defendant agrees to pay $575,000.00 (Five Hundred Seventy-Five Thousand Dollars and Zero Cents), inclusive of attorneys' fees, expenses/costs, employee side FICA tax, and an Enhancement Award to the Named Plaintiff, to settle the Lawsuit. This sum shall be referred to herein as the "Settlement Fund." Defendant shall not be required to set aside, deposit or transfer any funds until after the Settlement Effective Date as defined below.  The Net Settlement Fund (net of Court-approved attorney's fees and representative plaintiff enhancement awards) shall be divided into two component parts, as set forth below.

    a. **FLSA Collective Action Fund:** The FLSA Collective Action shall be funded with $136,544.19.  Only those FLSA Collective Action Members who timely return opt-in forms to the Settlement Administrator will draw upon that fund.  Each FLSA Collective Action Member's claims against that fund will be calculated as follows:

Gross recovery = ((.02376)*(# of overtime workweeks worked)*(highest regular hourly rate *1.5))*2

        ii. **Claims Exceeding the FLSA Collective Action Fund:** If the total claims against the FLSA Collective Action Fund exceed $136,544.19, the value of each claim will be reduced in proportion to its share of the total value of

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

claims against the fund, so that a gross maximum $136,544.19 is paid out.

**iii. Excess Funds After Satisfaction of FLSA Claims:** Should the total claims against the FLSA Collective Action Fund be valued (under the formula above) at less than $136,544.19, the first $34,000.00 remaining in that fund will revert to Defendant. Any remaining unclaimed funds in the FLSA Collective Action Fund after the reversion of the first $34,000.00 shall be contributed into the Rule 23 Class Fund for distribution to Rule 23 Class Members.

**b.     Rule 23 Settlement Fund:** The Rule 23 Settlement Fund shall have a base amount of $231,789.14.  This amount shall increase by the amount of any unclaimed FLSA Collective Action Funds in excess of $34,000.00.  Counsel for the Parties shall agree upon the Rule 23 Compensation amounts due to each Rule 23 Class Member prior to the issuance of Rule 23 Class notice (as set forth in parag. 13 *infra*). Allocations to Rule 23 Class Members will be made based upon Defendant's payroll records and will compensate the individual class member for: (i) rest breaks due and allegedly denied during days when fewer than 3 non-exempt staff were stationed at that class member's branch location (ii) the alleged performance of uncompensated pre-shift work, and (iii) any Colorado Wage Claim Act penalties allegedly due. There will be no reversion of Rule 23 Settlement Funds. Funds sent as Rule 23 Compensation which are not negotiated by any Non-Participating Class Member within 90 days from the date of the check shall be void and a stop payment will issue on the check (hereinafter "Unclaimed First-Round Funds"). All Unclaimed First-Round Funds will be redistributed among those Participating Class Members who *did*

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

cash their first-round distribution checks in a second-round distribution.

7. **Tax Treatment of Settlement Payments:**

   **i.  FLSA Collective Action Funds:** The Settlement Funds paid to each FLSA Collective Action Member, not including any enhancements paid to the Named Plaintiff, shall be allocated as follows: (1) 50 percent of the total payment to each FLSA Collective Action Member shall be deemed wages; and (2) 50 percent of the total payment to each FLSA Collective Action Member shall be allocated to Liquidated Damages Compensation. The wage portion shall be subject to deductions as required by law and shall be reported on an IRS Form W2 issued to the FLSA Collective Action Member. The Liquidated Damages Compensation portion shall be paid without deductions, but a Form 1099 will be issued as required by law.

   **ii.  Rule 23 Class Action Funds:** Rule 23 Class Members will receive the Rule 23 Compensation agreed upon by the Parties and reflected on the individual notice issued to that Rule 23 Class Member (Exhibit A). These payments to Rule 23 Class Members will be subject to the following tax treatment:

      **a.  Current Employee Rule 23 Class Members:** All Rule 23 Class Action Funds paid to individuals currently employed by Defendant shall be deemed wages subject to withholdings and reported on an IRS Form W2.

      **b.  Former Employee Rule 23 Class Members:** 34.8% of the Rule 23 Class Action Funds paid to individuals formerly employed by Defendant shall be deemed wages subject to withholdings and reported on an IRS Form W2.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

65.2% of the Rule 23 Class Action Funds paid to individuals formerly employed by Defendant shall be deemed penalties subject to no withholdings and reported on an IRS 1099-MISC.

**iii.   Class Representative Enhancement:** The $15,000.00 representative incentive award payable to Plaintiff Jonathan Pool will be deemed wages subject to withholdings and reported on an IRS Form W2.

iv.   **Payment Responsibility.** All employer-payroll taxes on the wage portions of this Settlement Agreement shall be paid by Defendant, and no portion of said taxes shall be drawn from the Settlement Fund.  All employee taxes on the wage portions of this Settlement Agreement shall be paid from the Settlement Fund.  Except for employer payroll taxes, Plaintiff, Rule 23 Class, and FLSA Collective Action Members who opt-in will hold Great Western harmless from any taxes due under the settlement and will indemnify Great Western for any taxes or penalties due under the settlement, unless such liability is directly caused by Great Western. The Plaintiff, Rule 23 Class, and FLSA Collective Action Members who opt-in shall be responsible for their own tax reporting of payments received under the settlement.

8. **Settlement Effective Date.** The Settlement Agreement shall become effective on the "Settlement Effective Date," which is defined as the later of: (1) the date when the time for appeal of the Court's final approval of this Settlement Agreement has expired; or (2) the date of the final resolution or dismissal of any appeal or other judicial review of the Settlement Agreement if an appeal has been filed.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

9. **Administration of Settlement.** Defendant has the sole discretion to choose a settlement administrator to administer the settlement ("Settlement Administrator"); any such costs to be borne by Defendant.  No portion of such costs will be paid from the Settlement Fund.

10. **Determination of Each Class Member's Share of the Net Settlement Fund:** The Net Settlement Fund shall be allocated among the Rule 23 Class Members and the FLSA Collective Action Members; Excluded Class Members shall not receive an allocation from the Net Settlement Fund.  Defendant and Class Counsel shall agree upon the amounts of the Net Settlement Fund available to each Class Member as Rule 23 Compensation and to each FLSA Collective Action Member as FLSA Compensation. The Parties shall agree upon a schedule for such allocation to the members of the Rule 23 Class and of the FLSA Collective Action within sixty (60) days after the Court enters an Order preliminarily approving this Settlement Agreement. The Parties will reach agreement on individual allocation amounts prior to the issuance of notice to the Rule 23 Class, so that each individual class member may be notified of his or her minimum gross amount received should they participate in this settlement.

11. **Attorneys' Fees and Expenses/Costs:** Class Counsel will apply to the Court (and Defendant will not oppose) for payment from the Settlement Fund of no more than $191,666.67 in attorneys' fees, which amounts to a total of approximately 33.33% percent of the Settlement Fund, and litigation expenses/costs. The total attorneys' fees and expenses/costs actually paid from the Settlement Fund will be as approved by the Court in its Final Order.  The enforceability of this Settlement Agreement is contingent on the approval of the above-stated amount of attorneys' fees and expenses/costs

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

awarded.

12. **Enhancement Award to The Named Plaintiff:** Class Counsel will apply to the Court (and Defendant will not oppose) for a payment from the Settlement Fund of $15,000 (Fifteen Thousand Dollars and Zero Cents) to the Named Plaintiff in total enhancements, in recognition of his role and participation as Named Plaintiff providing information and assistance to Class Counsel and the release of his claims. This amount shall be in addition to his share from the Net Settlement Fund. The enforceability of this Settlement Agreement is contingent on approval of the above-stated Enhancement Award by the Court. In further consideration of the Enhancement Award, the Named Plaintiff and Defendant shall execute a mutual general release of all claims.

## NOTICE AND PAYMENT PROCEDURES

13. **Notice & Payment Procedure:**

  a. **CAFA Notice to Appropriate State Officials:** Not later than ten (10) days after the parties file their Joint Motion for Preliminary Approval of this Settlement Agreement, Defendant shall serve the Notice of Proposed Settlement required by 28 U.S.C. § 1715(b) upon the appropriate state officials.

  b. **Defendant Provides Potential FLSA Collective Action Member List to Administrator:** Within fourteen (14) days after the Court enters an order preliminarily approving this settlement agreement, Defendant will provide to the Settlement Administrator a list of the names and addresses of all potential

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

FLSA Collective Action Members. The potential members of the FLSA Collective Action are those non-exempt employees who worked at any Great Western Branch Location in the United States between September 28, 2018 and the date this agreement is signed.

c. **Administrator Mails FLSA Notice to Potential FLSA Collective Action Members:** Within twenty (20) days after the Court enters an order preliminarily approving this settlement agreement, the Settlement Administrator will mail the notice attached as Exhibit A to each such individual. Any Notice returned as undeliverable shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall perform a standard electronic search, including, but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and shall resend the Notice to that address. The Parties agree that the deadlines contained herein shall not be extended for potential FLSA Collective Action Members whose Notices were returned as undeliverable and re-mailed pursuant to this paragraph. No potential FLSA Collective Action Member shall be subject to any coercion or retaliation of any kind based on their decision to participate or not to participate in or claim funds provided by this Settlement Agreement. Those potential FLSA Collective Action Members who return a FLSA Opt-in Form indicating their intention to opt-in to this action to the Settlement Administrator within thirty (30) days after mailing ("Conclusion of FLSA Opt-In Period") will become FLSA Collective Action

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

Members qualified to receive an allocation from the FLSA Collective Action Fund. Any remaining unclaimed funds in the FLSA Collective Action Fund up to $34,000 shall revert to Defendant five (5) days after the Conclusion of FLSA Opt-In Period. Five (5) days after the Conclusion of FLSA Opt-In Period, the total amount of the Rule 23 Settlement Fund will be known to the parties.

d. **Defendant Provides Rule 23 Class Names and Addresses to Administrator:** Within sixty (60) days after the Court enters an Order preliminarily approving this Settlement Agreement, Defendant will provide to the Settlement Administrator a list of the names and addresses of all Rule 23 Class Members.

e. **Parties Provide Allocation of Rule 23 Class Funds Among Members to Administrator:** Within sixty (60) days after the Court enters an Order preliminarily approving this Settlement Agreement, Counsel for the parties will agree upon and provide to the Settlement Administrator a projected minimum gross total recovery amount available to each member of the Rule 23 Class.

f. **Settlement Administrator Mails Rule 23 Class Notice:** Within sixty-seven (67) days after the Court enters an Order preliminarily approving this Settlement Agreement, the Settlement Administrator shall mail an individualized copy of the notice attached to this Agreement as Exhibit B to each identified Rule 23 Class Member. Any Notice returned as undeliverable shall be sent to the forwarding address affixed thereto. If no forwarding

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

address is provided, the Settlement Administrator shall perform a standard electronic search, including, but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and shall resend the Notice to that address. The Parties agree that the deadlines contained herein shall not be extended for Rule 23 Class Members whose Notices were returned as undeliverable and re-mailed pursuant to this paragraph. No Rule 23 Class Member shall be subject to any coercion or retaliation of any kind based on their decision to participate or not to participate in or claim funds provided by this Settlement Agreement.

g. **Rule 23 Notice/Exclusion Period:** The Rule 23 Notice Period will run for sixty (60) days after the Settlement Administrator issues notice to the Rule 23 Class and shall conclude one hundred twenty-seven (127) days after the Court enters an Order preliminarily approving this Settlement Agreement.  Anyone who wishes to be excluded from the Settlement Class must complete and return the Opt-Out form (Exhibit B) to the Settlement Administrator prior to conclusion of the Notice and Response Period.  Those potential Rule 23 Class Members who opt-out or exclude themselves from this Settlement Agreement within the sixty (60) day notice period will become Excluded Class Members.

   i. **Excluded Class Members.** Those Excluded Class Members who opt-out or exclude themselves from this Settlement Agreement will not be entitled to Rule 23 Compensation, or to Liquidated Damages Compensation.

   ii. **Rule 23 Class Members.** All Rule 23 Class Members who do not

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

opt- out or exclude themselves from this Settlement Agreement will be entitled to Rule 23 Compensation in the approximate minimum gross individual amount determined by Counsel for the parties and indicated on their individualized Class Notice (Exhibit A).

    **iii.**    **Objections to Settlement Agreement:** Any Rule 23 Class Member, other than the Named Plaintiff, may object to this Settlement Agreement either in writing or by appearing at the Fairness Hearing. To be considered by the Court, written objections must be: (i) postmarked on or before the date to object set by the Court; (ii) made in writing; (iii) filed with the Court; (iv) state whether they apply only to the objector, to a specific subset of the class, or to the entire class, and (v) state with specificity the grounds for the objection. None of the Parties, their counsel, or any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement, to request exclusion from the Settlement Class, or to appeal from any order of the Court that is consistent with the terms of this Settlement.

    h.    **Joint Motion for Final Approval of Settlement Agreement:** Following the conclusion of all notice periods, the Parties shall prepare and file a Joint Motion for Final Approval of the Settlement Agreement. The Parties will file this Joint Motion within one hundred forty-one (141) days after the Court enters an Order preliminarily approving this Settlement Agreement. Class Counsel shall file with that motion a declaration by Class Counsel outlining the completion of the notice distribution plan. Class Counsel shall also file

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

with that motion lists of the names of (1) the FLSA Collective Action Members who executed and returned FLSA Opt-in Forms, (2) the Excluded Rule 23 Class Members who requested to be excluded from the Rule 23 Class as provided in the Notice, and (3) the Rule 23 Class Members who submitted objections as provided in the Notice. Class Counsel shall also file with that motion copies of all executed and returned FLSA Opt-in Forms, as well as copies of any requests for exclusion and copies of any objections. Class Counsel will file at that time a separate motion for an award of attorneys' fees and reimbursement of expenses/costs. The motion for final approval will apply to the Court for an Order finally approving the Settlement Agreement as fair, adequate and reasonable, and will submit a proposed final order and judgment that accomplishes the following:

i.  Approves the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

ii. Approves the Enhancement Award of $15,000.00 to the Named Plaintiff in recognition of his role as the Named Plaintiff;

iii.  Approves Class Counsel's application for an award of attorneys' fees of not more than $191,666.67;

iv.  Excludes from the Settlement Class those persons who properly and timely have requested exclusion; and

v.  Dismisses the Lawsuit on the merits and with prejudice and permanently

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

bars all Rule 23 Class Members and FLSA Collective Action Members from prosecuting any claims released by the terms of this Settlement Agreement.

i. **Plaintiff's Motion for Approval of Attorney's Fee:** Plaintiff shall prepare and file a Motion for approval of the attorney's fees awarded by this Settlement Agreement within one hundred forty-one (141) days after the Court enters an Order preliminarily approving this Settlement Agreement.

j. **Final Fairness Hearing:** The Court will hold a fairness hearing to hear objections to and consider the fairness and adequacy of this Settlement Agreement pursuant to Fed. R. Civ. P. 23(e)(2). The Court will hold this hearing on a date to be determined but not fewer than one hundred-fifty (150) days after the Court entered its Order preliminarily approving this Settlement Agreement.

k. **Order of Final Approval:** Should the Court grant the parties' Joint Motion for Final Approval of Settlement Agreement, the FLSA Collective Action Members, Rule 23 Class, and Named Plaintiff releases provided herein shall become effective and payment will proceed as follows. The "Effective Date" of this Settlement Agreement shall be thirty (30) days after the Court's Final Approval Order.

l. **Defendant Provides Settlement Funds to Settlement Administrator:** Defendant shall provide all Settlement Funds to the Settlement Administrator within fourteen (14) days after the Effective Date of this Agreement.

m. **Administrator Sends First-Round Settlement Checks:** The Settlement

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

Administrator shall send first-round settlement checks to each FLSA Collective Action Member and to each Rule 23 Class Member within twenty-one (21) days after the Effective Date of this Agreement. The Settlement Administrator shall also send Named Plaintiff his approved Enhancement Award within seven (7) days after the Effective Date of this Agreement.

n. **Payment of Attorney's Fees & Costs:** Twenty (20) days after the later of: (1) the Effective Date; or (2) Defendant's receipt of Plaintiff's W-9, Defendant will pay by check the amount awarded to Class Counsel in attorney's fees and expenses/costs.

o. **Administrator Reports Unclaimed Funds to Counsel:** The Settlement Administrator shall report the number and amounts of each uncashed Rule 23 Settlement check and the total sum of unclaimed Rule 23 Settlement Funds to counsel for the Parties within 102 days after the Effective Date of this Agreement.

p. **Class Counsel Provides Second-Round Distribution Information to Settlement Administrator:** Within one hundred sixteen (116) days after the Effective Date of this Agreement, Class Counsel shall provide to Defendant's Counsel and to the Settlement Administrator (a) a list of Participating Class Members, (b) the percentage of total distributed Rule 23 Class Settlement Fund attributable to each Participating Class Member, and (c) the amount of unclaimed Rule 23 Class Settlement funds to be redistributed to each of the Participating Class Members.

q. **Settlement Administrator Sends Second-Round Distribution Checks to**

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

**Participating Class Members:** Within one hundred twenty-three (123) days after the Effective Date of this Agreement, the Settlement Administrator shall mail second-round distribution checks to each of the Participating Class Members whom Class Counsel has identified, except that the funds due in amounts less than $20.00 to a given Participating Class Member shall instead be reserved by the Administrator for *cy pres* as set forth below. Such checks will expire 90 days after issuance.

r. **Calculation of *Cy Pres* Funds.** Within two hundred thirty-three (233) days after the Effective Date of this Agreement, the Settlement Administrator will report to Counsel for the Parties the total amount of unclaimed second-round distribution funds. This amount, combined with those second distribution amounts less than $20.00 previously reserved for *cy pres* and will constitute the total *cy pres* funds.

s. **Remittance of *Cy Pres Funds:*** Within two hundred seventy (270) days after the Effective Date of this Agreement, the Settlement Administrator will send all *cy pres* funds to the designated *Cy Pres* – The Colorado Lawyer Trust Account Foundation – to support activities and programs that promote access to civil justice systems for low income residents of Colorado..

**COURT APPROVAL**

14. This Settlement Agreement is subject to approval by the Court. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Settlement Agreement shall render the entire Settlement

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. In order to exercise the option to void the Settlement Agreement as provided in this paragraph, a Party must give notice, in writing, to the other Party or Parties (through their respective counsel of record) and to the Court at any time prior to the Parties' filing a motion for final approval of the Settlement Agreement and dismissal of all claims with prejudice.

15. If this Settlement Agreement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement or the facts and circumstances leading to it including negotiating over its terms, nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit, arbitration, or any other action for any purpose. Furthermore, both the parties and their counsel shall maintain the confidentiality of the settlement negotiations and shall not share such discussions with any potential party or any other individual.

16. In the event this Settlement Agreement is not finally approved by the Court, Defendant shall not be obligated to make any payments to anyone under this Settlement Agreement.

**RELEASES**

17. Upon final approval by the Court of this Settlement Agreement, the Rule 23 Class Members will release all their Colorado wage and hour law claims that were

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

brought or that could have been brought in this litigation as provided herein up to the date this agreement is signed by the Named Plaintiff and Defendant, and the FLSA Collective Action Members will release all their FLSA claims that were brought or that could have been brought in this litigation as provided herein up to the date this agreement is signed by the Named Plaintiff and Defendant. The releases will release and be for the benefit of Releasees, defined as follows: (i) Great Western Bank; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Great Western Bank including First Interstate Bank; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof. The scope of the releases is as follows:

a. All Rule 23 Class Members release and fully discharge Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were brought or that could have been brought in this litigation. This includes all claims for compensation of allegedly uncompensated rest break time and/or pre-shift work, associated alleged unpaid wages, and the resulting liquidated damages, interest, penalties or fines, that were asserted or could have been asserted in this lawsuit. This release includes all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, claims under state

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

common law and equitable principles, and express or implied contract claims, arising from the alleged failures set forth above that were brought or that could have been brought in this litigation.  This release excludes claims under the Fair Labor Standards Act.

b. All FLSA Collective Action Members release all claims under the FLSA of whatever kind or nature, whether known or unknown, that were brought or that could have been brought in this Lawsuit. Rule 23 Class Members who do not submit a FLSA Opt-in Form and do not become FLSA Collective Action Members do not release their FLSA claims. The effect of the dismissal with prejudice of the Lawsuit on any future FLSA claim brought by any such person will be determined by the court in which any such FLSA claim is brought.

c. Named Plaintiff Jonathan Pool, in consideration of his receipt of the Representative Enhancement Payment provided by this Settlement Agreement, releases all Released Parties recited in ¶18 *supra* from all claims of any kind accrued prior to the Date on which this Agreement is ratified. Defendant, in consideration of Mr. Pool's release of all claims, releases Mr. Pool from all claims of any kind accrued prior to the Date on which this Agreement is ratified.

18. In addition, there shall be included language on the back of each check sent to all Class Members stating "I agree to the terms of the Settlement Agreement in *Pool v. Great Western Bank* and acknowledge the validity of the release/s applicable to me therein." The Parties acknowledge and agree that there is a good faith dispute as to whether such amounts for alleged unpaid wages are owing and the Parties agree that the

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

amount paid to each payee represents a good faith compromise of such dispute.

## MUTUAL FULL COOPERATION

19. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as may be reasonably necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

## ENFORCEMENT ACTIONS

20. This Settlement Agreement is fully enforceable in the United States District Court for the District of Colorado. The Parties consent to the jurisdiction of that Court to enforce this Settlement Agreement.

## NOTICES

21. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follow:

To the Class Members:

> Andrew Turner
> Milstein Turner, PLLC
> 1490 Lafayette St. #304
> Denver, CO. 80304

To Defendant:

> Ryan Lessmann
> Jessica S. Reed-Baum
> JACKSON LEWIS
> P.C. 950 17th St. #2600
> Denver, CO 80202

## CONSTRUCTION

22. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

## CAPTIONS AND INTERPRETATIONS

23. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

**MODIFICATION**

24. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

**INTEGRATION CLAUSE**

25. This Settlement Agreement and attachments constitutes the entire agreement between the Parties relating to the Settlement Agreement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement. No rights hereunder may be waived except in writing.

**BINDING SCOPE; NO PRIOR ASSIGNMENTS**

26. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

**CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY**

27. It is agreed that, because the Members of the Class are so numerous, it is impossible or impractical and not required to have each Class Member execute this Settlement Agreement.  The Notices of Collective Action and Class Action Settlement, Exhibits A and B hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

28. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

29. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

30. The Named Plaintiff and authorized signatories for Defendant will sign this agreement before it is filed with the Court as an Exhibit to the Parties' Joint Motion for Preliminary Approval of this Agreement.


**PUBLICITY**

31. Named Plaintiff, Class Counsel, Defendant, and Defendant's Counsel agree to limit any media comments or publications to statements that "the parties were able to reach a mutually acceptable resolution of this matter," or similar language to that effect,

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

except as may be required by law or regulation. Nothing in this provision shall be construed to limit the ability of Named Plaintiff or Class Counsel to discuss this Settlement Agreement in full detail with any Class Member. The inclusion of this provision in the agreement is subject to the Court ruling that the provision is not contrary to public policy or otherwise legally improper. If the Court concludes this provision is improper, the provision shall be deleted from the Settlement Agreement and such deletion shall not affect the validity of the remainder of the Agreement.

32. Recipients of settlement funds shall be entitled to disclose settlement terms to tax advisors, spouses and any government entity as required by law.

**COUNTERPARTS**

33. This Settlement Agreement may be executed in one or more counterparts, and when each of the undersigned has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

**GOVERNING LAW**

34. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Colorado and the United States of America, where applicable.

Agreed this <u>16th</u> day of August, 2022:



Jonathan Pool

Class Representative Plaintiff

Andrew H. Turner

Milstein Turner, PLLC

Class Counsel

First Interstate Bank, successor by merger to Great Western Bank

By: Brian Murphy

Title: Associate General Counsel of First Interstate Bank

DocuSign Envelope ID: 8B02ACAE-A725-4302-AAD9-2B72B9FC2F35

*Ryan Lessmann*

_____

Ryan P. Lessmann

Jackson Lewis, P.C.

Counsel for Defendant

4855-3306-4750, v. 1