IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-02626-MEH

JONATHAN POOL
on his own behalf and
on behalf of all others similarly situated,

Plaintiff,

v.

GREAT WESTERN BANK,

Defendant.

**JOINT MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT**

COME NOW the parties, who jointly move the Court pursuant to Federal Rule of Civil Procedure 23(e) to grant final approval of their proposed settlement of this class action lawsuit.

This action arises from Defendant's former employment of the Plaintiff and others similarly situated as non-exempt branch bank personnel. Plaintiff alleged that Defendant failed to compensate pre-shift alarm deactivation and security work, further alleged that Defendant failed to provide Colorado employees with mandatory rest breaks which these workers were entitled to. Plaintiff alleged that these policies violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et. seq.*, the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et. seq.* and implementing regulations, 7 CCR 1103-1. Defendant denies all material allegations.

The Court conducted a Settlement Conference on June 29, 2022 at which the parties reached a private resolution of the dispute. ECF 26. On August 17, 2022, the parties presented their proposed agreement and notice plan to the Court through their Joint Motion for Preliminary Approval of Class Action Settlement Agreement. ECF 33. After review, the Court granted preliminary approval to the proposed settlement agreement, certified a FLSA Collective Action Settlement Class, certified a Rule 23 Settlement Class, appointed the Plaintiff as Class Representative and his counsel as Class Counsel, approved the proposed notice forms and ordered the dissemination of those forms. ECF 34 pg. 2-3. The Court set a Final Fairness Hearing to occur on January 26, 2023 at 2:00PM and the class members were given notice of the same. ECF 33-2 pg. 4; ECF 33-3 pgs. 4-5.

Pursuant to the Court's August 24, 2022 Order granting preliminary approval, the parties provide this joint memorandum to update the Court following their completion of the notice, exclusion and objection process. ECF 34 at 2.[1] For the reasons set forth below and in the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement (ECF 33), the Court should grant this motion and enter an Order: (1) granting final certification to the conditionally certified FLSA Collective Action Settlement Class, (2) granting final certification of the conditionally certified Rule 23 Settlement Class, (3) finalizing the appointment of Class Counsel and the Class Representative identified in Doc. No. 34 at 2, (4) granting final approval of the

---

[1] Plaintiff moves separately pursuant to Fed. R. Civ. P. 54(d)(2) for approval of this Agreement's proposed award attorney's fees and costs. Fed. R. Civ. P. 23(h)(1). Defendants do not oppose Plaintiff's motion.

proposed settlement agreement (ECF 33-1), (5) ordering the parties to comply with the terms of that settlement agreement, and (6) dismissing this action with prejudice.

I. **The Notice, Exclusion and Objection Process is Complete.**

The parties timely completed the notice plan the Court Ordered. ECF 34 at 2. Through the approved Settlement Administrator, the parties distributed the Court's approved FLSA Notice of Settlement and Opt-in Forms (ECF 33-2) providing the 1,940 potential members of the FLSA opt-in class with thirty days to join the settlement and claim their share of $136,544.19 in allocated funds. The Administrator was able to complete notice to 95.1% of the potential FLSA opt-in class, as just 94 of the 1,940 potential class members were unreachable for wont of current address. Ex. 1, Simpson Decl. ¶¶ 4-5. The 250 members of the FLSA opt-in class identified in Exhibit 3 to this motion returned the opt-in forms appended to this motion as Exhibit 2.[2] They will receive an average of $129.13 in FLSA damages, the highest-compensated recipient will receive $355.22 in FLSA damages. Ex. 3, Turner Decl. ¶8. The lowest compensated will receive $100.00 in gross FLSA damages. *Id.* The proceeds due all members of the FLSA opt-in class were calculated through the same damages formula.[3] *Id.* The gross allocations due to each class member are listed in Exhibit 3 to this motion. *Id.*

---

[2] The parties respectfully seek leave to file Exhibit 2 under seal, as it contains the full names, addresses, phone numbers, email addresses and partial social security numbers of the 250 opt-in FLSA Class Members.

[3] *See,* ECF 33-1 Settlement Agreement pg. 8. Gross Recovery = ((.02376)*(# of overtime workweeks worked)*(highest regular hourly rate * 1.5))*2. The parties further agreed to round the recovery of all FLSA Collective Action Class Members up to a gross minimum of $100.00.

3

Following the conclusion of the FLSA opt-in period, the parties calculated the unclaimed FLSA funds due to supplement the Rule 23 class fund. ECF 33-1 Settlement Agreement pgs. 9-10, 15. Based upon that calculation of the Rule 23 class fund, the parties calculated the minimum gross recovery each Rule 23 class member could expect to receive if they did not opt-out of the settlement agreement. The Settlement Administrator mailed notice to all 219 identified members of the proposed Rule 23 class, including this specific, individualized damages information. ECF 33-3 pgs. 1-2. The Administrator completed mailing to the 219 identified members of the Rule 23 Class on November 2, 2022. Ex. 1, Simpson Decl. ¶6.

Notice was successfully delivered to 98.7% of the class, as just 3 notices could not be delivered to a current address. *Id* at ¶7. The sixty-day opt-out period expired on January 1, 2023. To date, the Settlement Administrator has received one opt-out form, requesting exclusion from this proposed settlement agreement. *Id* at ¶9. The lone opt-out – Ms. Lisa F. Huiting - has been excluded from final settlement calculations, the Rule Class 23 fund having been reduced by the $3,265.04 she was due to receive. Ex. 3, Turner Decl. ¶11. A copy of her opt-out form has been filed as Exhibit B to the Declaration of Class Counsel. *Id.* To date, the Settlement Administrator has received no objections to the proposed settlement agreement. Ex. 1, Simpson Decl. at ¶10.

If the Court grants final approval, the remaining 219 Members of the Rule 23 Settlement Class will receive a total of $299,086.95. Ex. 3, Turner Decl. ¶12. The average Rule 23 Class Member will receive $1,371.96 in gross payments. *Id* at ¶13. The highest-compensated Class Member will receive $11,082.80 in Rule 23 payments.[4] *Id.* The proceeds due all members of the

---

[4] These totals settle only the individual's state law claims, excluding the additional FLSA funds payable to some of the same Rule 23 Class Members through the settlement agreement.

4

Rule 23 Settlement Class were calculated through the same damages formula. Ex. 3, Turner Decl. ¶10. The minimum gross allocations due each class member under this settlement agreement are listed in Exhibit 3 to this motion. *Id*.

> II. **The Court Should Grant Final Approval of the Proposed Settlement Agreement.**

> A. **The Proposed Settlement Agreement Satisfies Rule 23(e)(2) Factors.**

"The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court. [The Court of Appeals] will not set aside a class action settlement unless the trial court has abused its discretion." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

In deciding whether to approve a settlement in a class action, a court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination the Court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). As each of these factors is satisfied here, the Court should grant final approval to the proposed settlement agreement.

The class representatives and class counsel have adequately represented the class in this case. Fed. R. Civ. P. 23(e)(2)(A). As detailed in the parties' motion for preliminary approval

(ECF 33 pgs. 7-8), Class Counsel and the Class Representative Plaintiffs have diligently calculated and obtained relief for the class members on each of their claims. The Settlement Agreement was negotiated by experienced counsel in whose estimation the proposed agreement provides maximum obtainable relief. ECF 33-4, Turner Decl. ¶¶ 16-18.

The proposed Settlement Agreement is not the product of collusion. It was negotiated at arms-length through Court facilitated mediation informed by review of voluminous timekeeping and security documents. ECF 33-4, Turner Decl. ¶15; Fed. R. Civ. P. 23(e)(2)(B).

The proposed agreement provides adequate relief for the class. Fed. R. Civ. P. 23(e)(2)(C). Here informed estimates of liability were completed based on incomplete existing data sets. Class Counsel has provided the Court with extensive calculations and explanation of the formulae and data sets utilized in support of his assessment that the settlement achieved approximates full compensation. ECF 33 at 6-8; ECF 33-4, Turner Decl. ¶¶ 15-18.

The proposed agreement provides for a maximally effective "method of distributing relief to the class" omitting any claims procedure through which class members could default, sending checks by mail to the address of all class members, and redistributing all funds in any uncashed checks back to those class members who have been reachable, rather than returning them to Defendants. ECF 33-1 at 20-21; Fed. R. Civ. P. 23(e)(2)(C)(ii). In the notice phase, residential mailing was effective in reaching 98.7% of Rule 23 Class Members. Ex. 1, Class Admin. Decl. ¶7.

The attorney's fee award sought in the proposed settlement agreement is fair and reasonable. Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement would award $191,666.66, which constitutes 1/3 of the $575,000.00 total settlement amount, to Plaintiff's

counsel as attorney's fees and costs. Ex. 1, Settlement Agreement pg. 14 ¶D. "The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class." *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.,* Civil Action No. 09–cv–01543–REB– KMT, 2010 WL 5387559, at *5–*6 (D. Colo. Dec. 22, 2010)(citing*, inter alia, Vaszlavik v. Storage Technology Corp.,* Case No. 95–B–2525, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%– 50% range and is presumptively reasonable."). The Agreement stipulates that attorney's fees be paid twenty days (20) after the Effective Date of the Agreement (when appeal rights lapse). ECF 33-1, Settlement Agreement pg. 14 ¶D. Payments to class members are similarly due twenty-one (21) days after the Effective Date. Fed. R. Civ. P. 23(e)(2)(C)(iii). The relief provided to the class is fair and adequate in light of the "proposed award of attorney's fees, including timing of payment". Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement filed as ECF 33-1 is the lone agreement between the parties. ECF 33-1 at 27 ¶25; Fed.R.Civ.P. 23(e)(2)(C)(iv); Fed.R.Civ.P. 23(e)(3).

The parties' proposed settlement agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). It would compensate every class claim through a single formula applicable to all class members. Ex. 3, Turner Decl. ¶10. The proposed Settlement Agreement is fair, reasonable and adequate.

      **B.**      **The Proposed Settlement Agreement Satisfies the Tenth Circuit's Supplemental Test of Adequacy.**

The Tenth Circuit set forth its four-factor test for evaluating the fairness and adequacy of proposed class settlements in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

7

2018 Amendments to Rule 23(e) introduced the standard analysis above. "The advisory committee noted these new factors were not meant to displace any circuit's unique factors, but rather to focus courts on the core concerns in deciding whether to approve a proposed settlement." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing Chavez Rodriguez v. Hermes Landscaping, Inc.*, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020). "The Tenth Circuit's additional factors largely overlap, with only the fourth factor not being subsumed into the new Rule 23." *Id.*

The fourth of the *Nuclear Pharmacy* factors tests "the judgment of the parties that the settlement is fair and reasonable." 741 F.2d at 324. Here, the Plaintiff Class is represented by experienced counsel. ECF 33-4 at ¶¶ 6-10. Class Counsel believes the class could have done no better at trial. *Id* at ¶18. *See also, Albu v. Delta Mech. Inc.*, No. 13-cv-03087-PAB-KMT, 2015 U.S. Dist. LEXIS 95485, at *9 (D. Colo. June 30, 2015) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354) (noting that settlement agreements negotiated at arm's-length by experienced counsel are entitled to "a presumption of fairness"). In deciding this factor, "[t]he Court may also consider the fact that no objections were filed by any class members." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990). It is the judgment of the parties and of the class members, who did not object, that the proposed settlement agreement is fair, reasonable and adequate.

**III.    Conclusion**

Following the conduct of the final fairness hearing scheduled for January 26, 2023, the Court should grant this motion and enter an Order (1) granting final certification to the

conditionally certified FLSA Collective Action Settlement Class,[5] (2) granting final certification of the conditionally certified Rule 23 Settlement Class,[6] (3) finalizing the appointment of Class Counsel and Class Representative identified in Doc. No. 34 at 2, (4) granting final approval of the proposed settlement agreement (Doc. No. 33-1), (5) ordering the parties to comply with the terms of that settlement agreement, and (6) dismissing this action with prejudice.

Respectfully Submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
CO Atty. Reg. # 43869
MILSTEIN TURNER, PLLC
1490 Lafayette St. # 304
Denver, CO 80218
Tel: (303) 305-8230
andrew@milsteinturner.com

*Attorney for Plaintiff*

*/s/ Ryan P. Lessmann*
Ryan P. Lessmann
Jessica S. Reed-Baum
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Ryan.Lessmann@jacksonlewis.com
Jessica.Reed-Baum@jacksonlewis.com

*Attorneys for Defendant*

---

[5] The 250 members of the FLSA Collective Action Settlement Class, releasing their FLSA claims through this settlement agreement, are identified in Exhibit 3 to this Motion.

[6] The 219 members of the Rule 23 Settlement Class, releasing all Colorado wage and hour law claims through this settlement agreement, are identified in Exhibit 3 to this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this Motion electronically through the CM/ECF system, which caused all parties entitled to service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

This 20th day of January, 2023

*/s/ Andrew H. Turner*
*Counsel for Plaintiffs*

4881-1428-2827, v. 1